IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

CARLOS M. ACEVEDO, §
    Plaintiff, §
  §
v. § NO. EP-3-17-CV-00238-RFC
  §
NANCY A. BERRYHILL, §
Acting Commissioner of Social §
Security Administration, §
    Defendant. §

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is **REVERSED**.

## PROCEDURAL HISTORY

On August 22, 2013, Plaintiff filed his application for DIB. (R:190) He also filed an application for SSI on October 20, 2015. (R:41) In both applications, Plaintiff alleged disability beginning on August 22, 2013. (*Id.*)[1] The applications were denied initially and on reconsideration.

---

[1] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in

(R:41) Pursuant to Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to review Plaintiff's applications *de novo* on June 9, 2015, at which both Plaintiff and a vocational expert ("VE") testified. (R:58-80) The ALJ issued her decision on December 16, 2015, denying benefits. (R:41-53) Plaintiff's request for review was denied by the Appeals Council on June 2, 2017. (R:1-5)

## ISSUES

Plaintiff presents the following issue for review:

1. Whether the ALJ erred in her evaluation of the treating physician's opinion.

(Doc. 22:2-7)

## DISCUSSION

### A. *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In reviewing the substantiality of the evidence, a court

---

this case is designated by "(R:[page number(s)])".

must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## B. *Evaluation Process*

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what he can still do despite his limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

## C.  *The ALJ's Hearing Decision*

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of August 22, 2013. (R:43) At the second step, the ALJ found that Plaintiff had the following severe impairments: history of pancreatitis (which includes cholecystectomy), pseudocyst drainage and necrosectomy, placement of cystogastrostomy stents, multilevel degenerative disc changes of the lumbar spine, and obesity. (R:44)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (R:45)

Before moving on to step four, the ALJ concluded that, through the date last insured, Plaintiff had the RFC to perform light work, except that he could only occasionally climb ramps, stairs, ladders, ropes and scaffolds; also, Plaintiff could only occasionally balance, stoop, kneel, crouch, and crawl. (R:46)

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (R:51)

At the fifth step, considering Plaintiff's age, education, work experience, and RFC, as well as VE testimony, the ALJ found that there are jobs that exist in significant numbers in the national

4

economy that Plaintiff could perform. (R:52) Specifically, the ALJ found that Plaintiff could perform the requirements of representative occupations such as that of a sorter of agricultural produce, a photograph finisher, and that of housekeeping, all light, unskilled jobs. (*Id.*)

The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from August 22, 2013, the alleged onset date, through December 16, 2015, the date of the ALJ's decision. (R:53)

*D. Analysis*

1. **The ALJ erred in her evaluation of the treating physician's opinion.**

Plaintiff contends that the ALJ failed to give the medical opinion of Plaintiff's treating physician, Dr. Othman, the proper weight. (Doc.22:2-7) On February 14, 2014, Dr. Othman provided a medical source statement ("MSS") wherein he opined that Plaintiff was more limited than determined by the ALJ. (R:490-493) Specifically, he declared that Plaintiff could occasionally lift and/or carry less than 10 pounds, frequently lift and/or carry less than 10 pounds, and that he could stand and/or walk at least two hours in an 8-hour workday. (R:490) He found that Plaintiff had no sitting limitations. (R:491) He opined that Plaintiff's ability to push and/or pull was limited in his upper extremities. (*Id.*) As medical/clinical findings that supported his conclusions, Dr. Othman cited Plaintiff's chronic pancreatitis with abdominal/epigastric pain, SIP drainage of pancreatic abscess, herniated disc, and degenerative joint disease. (*Id.*) In the area of postural limitations, Dr. Othman concluded that Plaintiff could only occasionally climb, balance, kneel, crouch, crawl, and stoop. (R:491)This was due to Plaintiff's herniated disk and chronic abdominal pain. (*Id.*) Finally, Dr. Othman determined that Plaintiff suffered from no manipulative, visual/communicative, and environmental limitations. (R:492-493)

Plaintiff contends that the ALJ erred by failing to discuss the six factors required by 20 C.F.R. §§ 404.1527(d), 416.927(d) in setting forth his reasoning for rejecting Dr. Othman's opinion. (Doc.22:4) He argues that such an analysis is required because there is no examining or treating physician opinion of record which contradicts the medical opinion of Dr. Othman. (*Id.*) He contends that the ALJ improperly opted to pick and choose which restrictions she agreed with and disregarded the rest, and then stated that she gave Dr. Othman's opinion "partial weight," only adopting the non-exertional, postural limitations. (Doc.22:3, 5); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) ('the ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his position"). He further contends that although a multitude of medical evidence of record supports Dr. Othman's limitations, the ALJ erroneously attempted to mitigate the significance of such evidence by referring to notes that treatment "helped" or that Plaintiff's conditions was "stable," and that such evidence does not constitute evidence of improvement in the symptoms, signs, or laboratory findings associated with any specific improvement. *Schomburg v. Astrue*, No. 3-07-CV-1258-BD, 2009 WL 3734139, *3 (N.D.Tex. Nov. 9, 2009) (*citing Spann v. Barnhart*, No. 3-00-CV-2769-BD (N.D.Tex. Jan. 8, 2002) (Kaplan, J.)). Plaintiff also urges that anecdotal evidence relating to Plaintiff's daily activities is also insufficient to support a finding of medical improvement related to the ability to work. (Doc.22:5) Next, he contends that the ALJ's RFC assessment is not supported by substantial evidence. (Doc.2:6) Finally, he contends that the ALJ's error regarding the weight given to Plaintiff's treating physician cannot be considered harmless, because had it been given greater weight, the ALJ likely would have restricted Plaintiff's RFC to one of sedentary exertion. (*Id.*) He contends that at the sedentary exertional level and applying the Medical-Vocational

Guidelines at step five of the sequential evaluation, Plaintiff would be considered disabled pursuant to Rule 201.09; hence, Plaintiff was prejudiced by the ALJ's error. (Doc.22:6-7)

A treating physician's opinion regarding the nature and severity of a patient's condition should be accorded great weight in determining disability and will normally be given controlling weight *if* it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) The ALJ may assign little or no weight to the opinion of any physician for good cause. *Id.* at 455-56. Good cause exists where statements are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Perez v. Barnhart* 415 F.3d 457, 466 (5th Cir. 2005) (emphasis omitted). An ALJ should always provide "good reasons" for the weight given to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

The Fifth Circuit concluded that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treatment specialist, an ALJ may reject the opinion of a treating physician *only* if the ALJ performs detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453.

Specifically, the regulation requires consideration of:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

7

20 C.F.R. § 404.1527(d)(2)-(6). Where such evidence *does* exist in the record, however, consideration of the six factors is not necessary. *See Bullock v. Astrue*, 277 F. App'x. 325, 329 (5th Cir. 2007) (per curiam)(consideration of six factors only necessary absent controverting reliable medical evidence from a treating or examining physician).

The ALJ gave partial weight to the opinions reflected in Dr. Othman's MSS. (R:51) She justified this by declaring that the existing record contained few treatment records from Dr. Othman, especially as of recent, that would support such extreme limitations as he wrote. (*Id.*) In addition, she stated that a February 2014 assessment by Dr. Othman indicated that Plaintiff's chronic pancreatitis was stable and that he should continue his medications. (*Id.*) Finally, there appeared to be virtually no longitudinal treatment since this last visit that would support all the limitations described in the MSS. (*Id.*) A review of the record shows that substantial evidence fails to support the ALJ's determination that Dr. Othman's opinion should only be given partial weight.

A review of the entire record shows that no reliable medical evidence from an examining or treating physician controverts Dr. Othman's opinion that Plaintiff was limited to less than light work, specifically with respect to the conclusion that Plaintiff could lift and/or carry less than 10 pounds. This is true notwithstanding the Commissioner's arguments regarding medical improvement which the Court rejects for reasons urged by Plaintiff. In light of that, consideration of the six factors referred to in *Newton* and set out in 20 C.F.R. § 404.1527(d)(2) was necessary. Although the ALJ touched on some of the factors, she failed to perform a detailed analysis of all of them. The Court finds that the ALJ committed error in this regard.

Nevertheless, even if the ALJ committed error by failing to consider a factor or by failing to provide adequate explanation of her consideration of the factors in her decision, to justify reversal,

the error must affect the substantial rights of Plaintiff. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (*per curiam*). Unless the error would cast into doubt the existence of substantial evidence to support the ALJ's decision, reversal is not required. *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

Thus, the Court looks to see whether the ALJ provided good reasons in her decision to accord only partial weight to Dr. Othman's opinion. 20 C.F.R. 404.1527(c)(2) states that ALJs will always provide good reasons in the notice of determination or decision for the weight given to a treating physician's opinion. The Court concludes that on this occasion, such was not the case. Although the ALJ declared that the record contained few treatment records from Dr. Othman, the fact remains that some did exist. In addition, the record is rife with other treatment records from other specialists who treated Plaintiff for his severe chronic pancreatitis, including those from Dr. Brian August, Dr. Anthony Han, and Dr. Jaime Gonzales. (R:469-484, 494-702) These records extend to September 24, 2015, and essentially support Dr Othman's conclusions. In the same vein, the ALJ's conclusion that there appears to be no longitudinal treatment since the February 2014 visit is rejected. The record makes manifest that these various specialists worked in conjunction with Dr. Othman in providing this treatment. Hence, the ALJ did not provide good reasons for according Dr. Othman's opinion only partial weight.

Finally, the ALJ accorded greater weight to the state agency physician's assessments than she did to the treating physician's assessment in concluding that Plaintiff could perform at a restricted level of light work. (R:51) It is not error for the ALJ to assign more weight to a non-examining source than to an examining source when there is "substantial justification" by way of the evidence. *See Huey v. Comm'r of Soc. Sec.*, No. 4:15-CV-037-SAA, 2015 WL 8056041 at *4-5 (N.D. Miss.

Dec. 4, 2015). Such is not the case here. Dr. Othman's opinion was supported by his own treatment notes and those of other specialists. His MSS was bolstered by medical and clinical findings that supported his conclusions. Had the ALJ given Dr. Othman's controlling weight, as the Court rules that she should have, Plaintiff's RFC would likely have been restricted to one of sedentary exertion, and he likely would have been found disabled pursuant to the Medical/Vocational Guidelines. Thus, Plaintiff suffered prejudice from the error, and the Court cannot deem it to be harmless.

In summary, the ALJ erred when deciding not to accord Plaintiff's treating physician's opinion controlling weight. The reasons she provided are not supported by substantial evidence and do not provide a basis to affirm her decision.

## CONCLUSION

The Court concludes that the ALJ's findings regarding the weight given to Plaintiff's treating physician are not supported by substantial evidence and are the result of legal error. Thus, the Court **HEREBY ORDERS** that the decision of the Commissioner be **REVERSED and REMANDED** for further proceedings consistent with this opinion. If warranted, the ALJ may obtain a consultative examination or recontact Plaintiff's treating physician in order to arrive at a proper assessment of his medical opinion.

**SIGNED** and **ENTERED** on February 23, 2018.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE